FILED

2014 JUN 13 PM 3:58

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**VICTOR HARDY,**

                        **Plaintiff,**

-vs-                                                   **Case No.  A-14-CA-360-SS**

**JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; DOUGLAS W. REITMEYER;
and DEBORAH A. REITMEYER,**
                        **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss [#5], Plaintiff Victor Hardy's Response [#8], and JPMorgan's Reply [#11]; JPMorgan's Motion to Strike Hardy's Amended Complaint [#12], to which Hardy has not responded; and Hardy's Motion to Remand [#14], and JPMorgan's Response [#17]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion to remand, STRIKING the amended complaint, and GRANTING the motion to dismiss.

### Background

In 2001, Douglas and Deborah Reitmeyer purchased the real property located at 10703 Pickfair Drive, Austin, Texas 78750. In connection with the purchase, the Reitmeyers executed a deed of trust in favor of Chase Manhattan Bank USA, N.A., securing a loan with a lien on the property. The Deed of Trust was eventually assigned to JPMorgan, whose ownership is undisputed. In 2002, the Reitmeyers sold the property, still encumbered by JPMorgan's lien, to John Levesque.

In 2007, the Bank of New York foreclosed on the property and subsequently sold it to Jason Schubert. In 2009, Creative Lending Concepts foreclosed on the property, and subsequently sold it to Hardy on June 30, 2009. Hardy has maintained possession of the property since then, and still resides in the property.

Hardy filed this suit in Texas state court on April 3, 2014. Hardy alleges he has adversely possessed the property and now owns it outright. Additionally, Hardy seeks a declaration any claims JPMorgan has to the property are barred either by adverse possession or by the statutes of limitations found in Texas Civil Practice and Remedies Code section 16.003 and 16.004. Hardy also alleges a breach of warranty of title claim against the Reitmeyers.

JPMorgan removed the case to this Court on the basis of diversity jurisdiction on April 28, 2014. Since removal, JPMorgan has moved to dismiss; Hardy has filed an Amended Complaint [#7]; JPMorgan has moved to strike the Amended Complaint; and Hardy has moved to remand. The various motions are ripe for consideration, and the Court addresses them all below.

## Analysis

### I.   Motion to Remand

Because the Motion to Remand challenges the Court's jurisdiction, the Court addresses it first.

### A.   Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws,

or treaties of the United States." 28 U.S.C. § 1331. District courts also have diversity jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000.00. *Id.* § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[1] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). The test for improper joinder relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

**B.    Application**

JPMorgan removed on the basis of diversity jurisdiction. JPMorgan alleges the Reitmeyers were improperly joined, and therefore their citizenship should be disregarded, because there is no possibility Hardy can recover against the Reitmeyers on his breach of warranty claim. Hardy argues

---

[1] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes § 1441(b) inapplicable.

remand is appropriate for two reasons: (1) he can recover against the Reitmeyers on a claim under Texas Property Code section 5.023 for breach of the implied covenant against encumbrances, and on a breach of covenant of seizin claim; and (2) the Reitmeyers did not consent to removal.

Hardy's first argument is irrelevant because he did not assert either of those claims against the Reitmeyers (or anyone else) in his Original Petition. Hardy's Original Petition asserts one and only one cause of action against the Reitmeyers: breach of warranty of title. *See* Not. of Removal [#1-1], Ex. A-2 (Orig. Pet.), at 5–6 ("Plaintiffs request that the Court declare that Defendants Douglas W. Reitmeyer and Deborah A. Reitmeyer breached their warranty of title, and that Plaintiffs recover all damages caused by the breach of warranty."). "The rule is well established that a cause of action for breach of a covenant of general warranty does not arise until there has been an eviction." *Schneider v. Lipscomb Cnty. Nat'l Farm Loan Ass'n*, 146 Tex. 66, 202 S.W.2d 832, 834 (1947); *see also Fender v. Farr*, 262 S.W.2d 539, 542 (Tex. Civ. App.—Texarkana 1953, no writ) (with respect to breach of warranty claim, "not only failure of title must be alleged and proved to constitute a breach, but also actual or constructive eviction"). Hardy does not allege he has been evicted; to the contrary, he retains possession of the property and asserts ownership under an adverse possession theory. There is no possibility Hardy could recover against the Reitmeyers on his breach of warranty claim without first being evicted. The Reitmeyers were therefore improperly joined, and their citizenship may be disregarded. Finally, because JPMorgan contended the Reitmeyers were improperly joined, their consent to removal was not required. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.").

The motion to remand is DENIED.

## II.     Motion to Strike[2]

After JPMorgan filed its motion to dismiss, Hardy filed an Amended Complaint [#7] adding a trespass to try title claim against JPMorgan and extending his breach of warranty of title claim to new, non-diverse defendants John Levesque, Linda Levesque, and Jason Schubert.[3] Hardy purported to file the Amended Complaint without leave of court pursuant to Federal Rule of Civil Procedure 15(a). However, because the Amended Complaint would add nondiverse parties and destroy the basis for federal jurisdiction, Hardy was required to seek leave to file it. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181–82 (5th Cir. 1987); *see also Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) ("Any amendment, including one sought under Rule 15(a), must be preceded by leave of court if it will divest the court of jurisdiction."). JPMorgan therefore moves to strike the Amended Complaint.

The Court analyzes the motion to strike through the lens of the *Hensgens* factors, proceeding as though Hardy had properly sought leave to file the Amended Complaint. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a party seeks to add a new, nondiverse defendant in a removed case, the district court must "scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. The court must "balance the defendant's interests in maintaining the federal forum with

---

[2] Hardy has not responded to the motion to strike. The Court therefore grants it as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court addresses the merits of the motion.

[3] The breach of warranty of title claim also extends to the new defendant Bank of New York, as Trustee for the Certificateholders CWALT, Inc., which is apparently diverse. The style of the Amended Complaint also names "Creative Lending Concepts, LLC, in its capacity as payment agent for Simons Family Trust" and Steven Dale as defendants. No claims are asserted against those parties, and they are not named again in the "parties and service" section of the pleading.

the competing interests of not having parallel lawsuits," and consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In this case, the *Hensgens* factors weigh heavily against allowing the amendment. First, the purpose of the amendment is plainly to destroy diversity. Hardy knew the identities of the nondiverse individual defendants when he filed his Original Petition—they were discussed in the facts section of that filing. Orig. Pet. ¶ IV.D; *see Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012) ("When district courts in the Fifth Circuit analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." (internal quotation marks omitted)). Second, Hardy was admittedly not dilatory in amending, though the amendment came after the motion to dismiss. Third, Hardy will not be injured if the amendment is not allowed because Hardy's breach of warranty of title claim against the new defendants fails for the same reason the claim fails against the Reitmeyers: until Hardy is evicted, either actually or constructively, he cannot sue the individual defendants for breach of warranty of title. *Farr*, 262 S.W.2d at 542. Finally, there is little risk of parallel lawsuits because Hardy's claims against the nondiverse defendants will not ripen until he is evicted. The equities thus weigh against granting leave to amend. *See Whitworth*, 914 F. Supp. at 1435 ("When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." (citing *Hensgens*, 833 F.2d at 1182)).

The motion to strike is GRANTED.

III.    **Motion to Dismiss**

A.    **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.    Application**

Hardy claims to have adversely possessed the property by living in and paying taxes on the property since 2009.[4] "Under Texas law, adverse possession requires 'an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.'" *Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006) (quoting TEX. CIV. PRAC. & REM. CODE § 16.021(1)). Longstanding Texas precedent establishes "such possession must be continuous and uninterrupted for the statutory period, and must be 'actual, notorious, distinct and hostile, and of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant.'" *Heard v. State*, 146 Tex. 139, 204 S.W.2d 344, 347–48 (1947) (quoting *Satterwhite v. Rosser*, 61 Tex. 166 (1884)).

Hardy's adverse possession claim fails because his possession of the property is not inconsistent with JPMorgan's lien. JPMorgan concedes Hardy presently holds title to the property. Until JPMorgan forecloses on its lien interest and takes title to the property, it has no legal right to evict Hardy or take the property from him. In such a situation, Texas law recognizes that the statute of limitations for adverse possession does not begin to run against the lienholder. *Warnecke v. Broad*, 138 Tex. 631, 161 S.W.2d 453, 455 (1942); *Wilson v. Beck*, 286 S.W. 315, 322 (Tex. Civ. App.—Dallas 1926, writ ref'd); *see also Tex. Capital Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (mem. op., not

---

[4] Hardy also seeks to tack on the ownership periods of Schubert and Levesque before him, thus increasing the length of time he claims to have adversely possessed the property.

designated for publication) ("The law is well-settled in Texas that, for adverse possession purposes, the statute of limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to the land at the foreclosure sale. This is the case because the mortgage holder has no right to eject the adverse possessor until it actually acquires title." (internal citations omitted)). Because the statute of limitations had not yet started to run against JPMorgan, Hardy cannot maintain an adverse possession claim against JPMorgan. Hardy quarrels with this result in his Response, but relies on irrelevant authorities concerning statutes of limitations regarding the enforcement of debts and judgment liens, not mortgage liens. These cases, and Hardy's Response generally, offer no rebuttal to the well-settled rule discussed in *Warnecke*, *Wilson*, and *Hoppe*.

JPMorgan has construed Hardy's request for a declaration of free-and-clear ownership as a quiet title action. "A suit to clear title or quiet title . . . relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). It is the plaintiff's burden "to establish his superior equity and right to relief" by proving, "as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Id.* (internal quotation marks omitted).

Hardy's allegations demonstrate the Reitmeyers encumbered the property with a lien in JPMorgan's favor. Hardy's own tracing of the chain of title shows his title traces back to the Reitmeyers. Hardy does not allege any facts suggesting JPMorgan's lien is invalid or unenforceable. Although Hardy contends the lien is barred by the statute of limitations, the limitations period on a deed of trust lien does not begin to run until the maturity of the obligation it secures—in this case,

the maturity of the thirty-year mortgage on October 7, 2021. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(e) ("If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment.").[5]

The motion to dismiss is GRANTED.

## Conclusion

This Court has diversity jurisdiction because the Reitmeyers were improperly joined in an effort to defeat diversity. With their citizenship disregarded, the remaining parties are completely diverse and the amount in controversy requirement is met. Remand is therefore inappropriate. Hardy's proposed Amended Complaint is also inappropriate because it seeks to add nondiverse parties to destroy diversity, but lacks any equitable basis for doing so in this lawsuit. Finally, Hardy has not stated any claim for which relief can be granted, and has not shown himself entitled to any relief in either law or equity.

Accordingly,

IT IS ORDERED that Plaintiff Victor Hardy's Motion to Remand [#14] is DENIED;

IT IS FURTHER ORDERED that Defendant JPMorgan Chase Bank, National Association's Motion to Strike Hardy's Amended Complaint [#12] is GRANTED, and Hardy's Amended Complaint [#7] is ordered STRICKEN from the record;

IT IS FURTHER ORDERED that Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss [#5] is GRANTED;

---

[5] The other statutes of limitations referenced by Hardy in sections 16.003 and 16.004 simply do not apply to mortgage liens.

IT IS FINALLY ORDERED that all claims brought by Plaintiff Victor Hardy in the above-styled cause are DISMISSED WITHOUT PREJUDICE.

SIGNED this the  _13_  day of June 2014.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE